UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VASQUEZ, *et al.*,

Plaintiffs,

v.

UNITED STATES, *et al.*,

Defendants.

Case No. 1:24-cv-01133-JLT-EPG

FINDINGS AND RECOMMENDATIONS RECOMMENDING APPROVING PLAINTIFFS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

(ECF No. 25)

OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS

This medical malpractice case was brought under the Federal Tort Claims Act by Plaintiffs Maribel Vasquez and Joseph Rios against two doctors[1] who were deemed employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233 and were acting within the scope of their employment at Kaweah Health Medical Center ("KHMC") The complaint alleges claims of wrongful death, survival, negligent infliction of emotional distress, and loss of consortium of Melody Rios, an infant. (ECF No. 1).

Now before the Court is Plaintiffs' motion for good faith settlement determination. (ECF No. 25). The motion was referred to the undersigned for preparation of findings and recommendations by the assigned District Judge. (ECF No. 26). On July 24, 2026, the Court held a hearing on the motion and following the hearing, ordered Plaintiffs to submit the settlement agreement to the Court for an in-camera review, which they did following the hearing. (ECF Nos.

[1] Defendant doctors Eva Hirwe and Elizabeth Enderton were substituted by Defendant United States upon removal of the case under the FSHCAA.

31, 32).

For the reasons discussed below, the Court recommends approving Plaintiffs' motion for good faith settlement determination.

## I. BACKGROUND

Plaintiffs filed the complaint on July 26, 2024, in the Superior Court of California, County of Tulare. (ECF No. 1-2 at 3). Defendant United States removed the case to this Court on September 23, 2024. The complaint named as defendants Dr. Eva Hirwe and Dr. Elizabeth Enderton, along with DOES 1-250. (*Id.*). Additionally, a related case (Case No. VCU297964), also filed in the County of Tulare Superior Court, named KHMC as a defendant, in addition to Dr. Eva Hirwe, Dr. Elizabeth Enderton, and Dr. Shamika Banks. (ECF No. 5 at 1). Upon removal, Defendant United States was substituted in place for defendants Hirwe and Enderton under the Federally Supported Health Centers Assistance Act ("FSHCAA") 42 U.S.C. § 233(c) and the case proceeded against the following defendants: (1) United States; (2) Kaweah Health Medical Center; (3) Dr. Eva Hirwe; and (4) Dr. Elizabeth Enderton (*See* Docket). On January 21, 2025, the Court issued an order terminating defendants KHMC, Dr. Eva Hirwe; and Dr. Elizabeth Enderton. (ECF No. 12). The United States is thus the only remaining defendant in this federal case. (*Id.*)

Plaintiffs allege claims for wrongful death, survival, negligent infliction of emotional distress, and loss of consortium stemming from the death of Melody Rios. (ECF No. 1-2 at 6-9). The claims arise from the labor and delivery of Plaintiff Maribel Vasquez at KHMC, by Drs. Hirwe and Enderton, in which she required an emergency C-section to give birth to Melody Rios on October 21, 2022. (ECF No. 25-1 at 2). Melody Rios died approximately sixteen hours later from severe hypoxic-ischemic encephalopathy and its sequalae, which Plaintiffs allege occurred as the result of negligent management of Plaintiff Maribel Vasquez's delivery. (*Id.*).

## II. MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

### a. Plaintiff's motion

On May 5, 2026, Plaintiffs filed a motion for a determination that the settlement between Plaintiffs and KHMC to resolve the related state court case between them for $990,000 was done

in good faith.[2] (ECF No. 25). The settlement is conditioned on (1) the Court's determination that the settlement is in good faith, and (2) dismissal with prejudice as to the complaint in the state action against KHMC. (*Id.*). Specifically, Plaintiffs seek a determination that their settlement with KHMC was made in good faith pursuant to Cal. Code of Civil Procedure § 877.6 (*Id.* at 2).

Under the terms of the settlement, Plaintiffs agree to dismiss their case against KHMC with prejudice in exchange for $990,000, which Plaintiffs state is fair, reasonable, and satisfies the six factors used to determine whether a settlement is in good faith. (*Id.* at 2). In support, Plaintiffs state they "considered the complexities, costs and risks of litigating with Kaweah Health Medical Center, and that the conditional settlement represents 75% of Plaintiffs' maximum recovery at trial." (*Id.*). And while KHMC denies liability, KHMC also "recognizes the continued costs, time and dedication of resources necessary to litigate this case, which it wishes to avoid through settlement and this motion." (*Id.* at 2-3).

As to the first factor, an approximation of recovery and potential liability, Plaintiffs state that the $990,000 settlement is "well within the ballpark and reasonably estimates KHMC's potential liability and Plaintiffs' potential recovery." (*Id.* at 6). Plaintiffs claim that KHMC has numerous affirmative defenses that it may raise, which would require Plaintiffs to prove the elements of a medical malpractice action. (*Id.*). Moreover, as KHMC would have produced expert reports disputing Plaintiffs' claim that the standard of care in this case required a C-Section, Plaintiffs assert that such reports would greatly increase the cost of litigation.(*Id.*).

As to the second and fourth factors, Plaintiffs state that had the case gone to trial and KHMC been found liable, the award likely would have been greater than the settlement award. However, had KHMC prevailed on any of its defenses, Plaintiffs may very well have recovered less or nothing at all. Thus, Plaintiffs state that the settlement amount appropriately reflects the cost savings and avoidance of risk. (*Id.*).

As to the third factor, which concerns the allocation of settlement proceeds among

[2] While KHMC in no longer a defendant in this federal case, the parties nevertheless seek a good faith determination by this Court because it will be binding on the United States, who remains a party in this case. Moreover, Plaintiffs' counsel represented at the motion hearing that the judge presiding over the related state court case involving KHMC directed Plaintiffs to file this motion in this Court.

plaintiffs, Plaintiffs represent this is not an issue as Plaintiffs are family members and agree to the division of the settlement. (ECF No. 25 at 2).

Regarding the fifth factor, "the financial considerations and insurance policy limits of settlement defendants," KHMC is self-insured and can pay for the settlement amount. (*Id.*).

As to the sixth and final factor, Plaintiffs state there has not been any "collusion, fraud, or tortious conduct." Plaintiffs represent that the non-settling defendant, the United States, has been involved with the case since September 23, 2024. (ECF No 25-1 at 7). Moreover, the United States was present at mediation when the settlement was reached at an arms-length negotiation between Plaintiffs and KHMC. (*Id.* at 6). Finally, Plaintiffs states that the claims of defendant United States are separate and distinct from KHMC, as United States' claims concern the conduct of the previously named defendant doctors.

**b. Defendant United States opposition**

Defendant United States filed an opposition on May 19, 2026, arguing that Plaintiff and KHMC's motion was not supported by evidence because no copy of the settlement agreement was provided to the United States and the United States had no part in the negotiation of the settlement agreement. (ECF No. 29). Moreover, defendant United States argues the motion does not properly analyze the settlement under *Yanez.* (*Id.*). *See Yanez v. United States,* 989 F.2d 323 (9th Cir. 1993).

**c. Plaintiffs' reply**

Plaintiffs filed a reply on May 29, 2026. (ECF No. 30). In the reply, Plaintiffs argue that the United States' objection fails to establish the proposed settlement is outside the reasonable range of what constitutes a good-faith settlement as required by Cal. Code of Civil Procedure § 877. (*Id.* at 2). Additionally, the opposition is devoid of any supporting authority and the United States' reliance on *Snover v. Gupta*, 116 Cal. App. 5th 111 (2025), is inapplicable to this case, because Plaintiffs motion:

> does not involve a disputed allocation of settlement proceeds among categories of damages, a post-verdict offset calculation, a wrongful-death allocation issue, or any attempt to manipulate credits available to a nonsettling defendant. Rather, Plaintiffs seek only a determination that the settlement between Plaintiffs and KHMC was entered in good faith pursuant to Code of Civil Procedure section 877.6.

(*Id.* at 4).

When addressing the United States claim that they were not provided a copy of the settlement agreement, Plaintiffs state that the essential terms of the settlement have been disclosed to the court and those terms contained the operative facts relevant to an analysis under *Tech-Bilt.* (*Id.* at 3). Furthermore, Plaintiffs argue "the United States cites no authority holding that production of the entire settlement agreement is a prerequisite to a good-faith settlement determination under Code of Civil Procedure section 877.6." (*Id.*). Additionally, Plaintiffs argue that the United States failed to satisfy its burden of proof establishing that the settlement was "so far out of the ballpark in relation to [the *Tech-Bilt]* factors to be inconsistent with the equitable objectives of the statute." *Tech-Bilt*, 38 Cal.3d at 499-500. Plaintiffs' reply then reiterates their analysis under *Tech-Bilt,* similar to the analysis provided in the initial motion. (*Id.* at 5-7).

## III. LEGAL STANDARDS

The Court applies California law to resolve Plaintiffs' motion for good faith settlement determination. *See Mason and Dixon Intermodal, Inc. v. Lapmaster Intern. LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims. This court has held that California Code of Civil Procedure section 877 constitutes substantive law") (citations omitted).

Under California law,

> Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights, it shall have the following effect:
>
> (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater.
>
> (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties.

Cal. Civ. Proc. Code § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors, California law also provides a mechanism through which a settling tortfeasor can request a determination that the settlement is in good faith. Cal Code Civ. Proc. § 877.6(a)(1)-(2).

Non-settling parties are thereafter given an opportunity to contest the settlement. Cal. Code Civ. Proc. § 877.6(a)(2). If the court determines that the settlement was made in good faith, such determination "shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c).

A settlement is made in good faith under §§ 877 and 877.6 if it is within a "reasonable range" of the settling parties' proportionate share of liability to the plaintiff. *Tech-Bilt Inc. v. Woodward-Clyde & Assoc.*, 38 Cal.3d 488, 499 (Cal. 1985); *see also Torres v. Union Pac. R. Co.*, 157 Cal.App.3d 499, 508 (1984) (finding lack of good faith where defendant settled by paying sum "grossly disproportionate" to their fair share of damages). The California Supreme Court has held that "[t]he good faith provision of section 877 mandates that the courts review agreements purportedly made under its aegis to insure that such settlements appropriately balance the contribution statute's dual objectives." *Tech–Bilt*, 38 Cal.3d at 494. The dual objectives of the California statutory scheme are to provide for equitable cost-sharing among parties at fault and to encourage settlement. *Id.*

In the determination of good faith, courts should consider the following factors:

> [A] rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Id.* at 499 (citation omitted).

A non-settling party who asserts a lack of good faith as to the settlement bears the burden of proof on that issue. *Id.*; Cal. Civ. Proc. Code § 877.6(d). The party "should be permitted to demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to these factors to be inconsistent with the equitable objectives of the statute." *Tech-Bilt*, 38 Cal.3d at 499-500. The determination as to whether a settlement is made in good faith is a matter of the Court's discretion. *Id.* at 500.

\\\

## IV. ANALYSIS

The Court recommends approving the good faith settlement determination between Plaintiffs and KHMC.

Beginning with the first factor, had KHMC been found liable following a trial, the rough approximation of plaintiff's total recovery would have been $1,120,000[3].

Regarding the settlor's proportionate liability, Plaintiffs have represented that their liability is not joint and several with the United States' and thus there is not a straightforward allocation of proportionate liability.

Next, the amount paid in settlement is $990,000 and represents approximately 75% of the total potential recovery. (ECF No. 25 at 2). *See City of Grand Terrace v. Superior Court of San Bernardino County*, 192 Cal.App.2d 1251, 1262 (1987). ("[t]he ultimate determinant of good faith is whether the settlement is grossly disproportionate to what a reasonable person at the time of settlement would estimate the settlor's liability to be.").

Regarding the third factor, the allocation of the proceeds among Plaintiffs, Plaintiffs have represented that they are family members who can fairly allocate the recovery among themselves.

As to the fourth factor, this settlement takes into account that a settlor should pay less in settlement than if it were found liable after trial.

For the fifth factor, the financial conditions and insurance policy limits of KHMC are not relevant here.

Finally, there is no evidence of collusion, fraud, or tortious conduct aimed at injuring the interests of non-settling defendants. Indeed, as noted, the United States was involved in the arms-length negotiations between Plaintiffs and KHMC and was present during mediation.

Thus, taking into consideration all relevant factors, the Court recommends finding that the settlement is fair and reasonable is sufficient under *Tech-Bilt.*

Accordingly, the Court recommends finding that the settlement between KHMC and Plaintiffs was made in good faith.

---

[3] "[T]he non-economic damages for wrongful death in a medical malpractice case are capped at $650,000 for this year and the Negligent Infliction of Emotional Distress claim is capped at $470,000 for this year." This was outlined to Plaintiffs in a letter sent by counsel following mediation and Plaintiffs decision to accept the settlement amount. The court reviewed the letter in-camera.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons given, **IT IS RECOMMENDED AS FOLLOWS**:

1. Plaintiff's motion for good-faith settlement determination (ECF No. 25) be **GRANTED.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 31, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE