**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARIBEL VASQUEZ, et al.,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Case No. 1:24-cv-01133-JLT-EPG

ORDER DECLINING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFFS' MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION

(Docs. 33, 25)

This medical malpractice action follows the October 21, 2022 death of plaintiffs' infant daughter, Melody Rios, hours after an obstructed labor and emergency cesarian delivery at Kaweah Health Medical Center ("KHMC"). Plaintiffs proceed under the Federal Tort Claims Act against two doctors who were deemed employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, and acting within the scope of their employment at Kaweah Health Medical Center ("KHMC").[1] The complaint, filed in Tulare County Superior Court on July 26, 2024 and removed to this Court on September 23, 2024, alleges claims of wrongful death, survival, negligent infliction of emotional distress, and loss of consortium. (Doc. 1).

A related medical malpractice case is pending in Tulare County Superior Court against KHMC. Plaintiffs reached a conditional settlement with KHMC in that case. On May 5, 2026,

[1] Defendant United States has substituted in place of federally employed physicians Eva Hirwe and Elizabeth Enderton.

plaintiffs filed in this action a motion for good faith settlement determination (Doc. 25), which the United States opposes (Doc. 29). This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 26).

On July 31, 2026, the magistrate judge issued findings and recommendations to approve plaintiffs' motion for good faith settlement determination. (Doc. 33). The Court served the findings and recommendations on the parties and notified them that any objections were due within 30 days. (*Id.*). The United States filed objections on August 14, 2026. (Doc. 34.) Plaintiffs replied to the objections on August 28, 2026. (Doc. 38).

The Court agrees with the magistrate judge's application of the substantive provisions of California Code of Civil Procedure § 877.6 and the factors set out in *Tech-Bilt* in determining the motion.[2] As the magistrate judge observed, "[I]n the determination of good faith, courts should consider the following factors: [A] rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs, and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants." (Doc. 33 at 6 citing *Tech-Bilt*, 38 Cal.3d at 499).

However, the Court declines the magistrate judge's findings that plaintiffs have sufficiently proffered the settlement for good faith determination and that the United States has fallen short of its burden under *Tech-Bilt*. (Doc. 33 at 7); *see also Smarter HOA Sols. Inc. v. Pena*, 2026 WL 2814765, at *3 (S.D. Cal. Sept. 18, 2026) (citing *Shawmut Bank, N.A. v. Kress Assoc.*, 33 F.3d 1477, 1504 (9th Cir. 1994)) (A district court's good faith determination under § 877.6 is "fact-sensitive and discretionary."). The Court finds on the record before it that plaintiffs have failed to identify the essential terms of the conditional settlement in the context of the claims asserted and the applicable *Tech-Bilt* factors. Uncertainties in the record relative to the motion for

[2] *Tech-Bilt Inc. v. Woodward-Clyde & Assoc.*, 38 Cal.3d 488, 499 (Cal. 1985).

good faith determination leave the United States effectively unable to oppose it. (*See* Doc. 34).

For example, the record is uncertain as to the amount of plaintiffs' Medical Injury Compensation Reform Act (MICRA) capped total recovery as against KHMC and relatedly the United States.[3] Similar uncertainties persist as to whether plaintiffs' injuries are divisible among defendants. For example, the findings and recommendations state a MICRA capped total recovery of $1,120,000.00. (Doc. 33 at 7). Yet at the hearing on the motion, plaintiffs' counsel identified the MICRA capped total recovery as $1,400,000.00. (*See* Doc. 31).

The magistrate judge found KHMC's approximate liability to be 75%, observing the settlement amount of $990,000.00 is 75% of $1,120,000.00. But as noted, the applicable MICRA capped total recovery amount is uncertain. More importantly, it is not clear on the record that the settlement amount as a percentage of an applicable MICRA cap represents KHMC's proportionate share of potential liability on the facts and circumstances of the case. *See e.g., Snover v. Gupta*, 116 Cal. App. 5th 111, 128-29 (2025), *review denied* (Feb. 11, 2026) (MICRA limits the amount of recoverable non-economic damages; it is not the actual measure of the plaintiff's non-economic loss). Plaintiffs assertion relied upon by the magistrate judge that "[s]ettlor's proportionate liability . . . is not joint and several with the United States' and thus there is not a straightforward allocation of proportionate liability[,]" does not inform the *Tech-Bilt* analysis. (*See* Doc. 33 at 7).

Furthermore, the record sheds little light on matters of potential and accruing economic damage allocation for purposes of the *Tech-Bilt* analysis.[4] Relatedly, the record does not include any allocation of settlement proceeds among plaintiffs and claims, or adjustment for attorney's fees and costs. (*See id.*). Plaintiffs' representation relied upon by the magistrate judge that "[P]laintiffs . . . are family members who can fairly allocate the recovery among themselves[,]" is uninformative in these regards. (*See* Doc. 33 at 7). Particularly so, as certain of the claims are

---

[3] The Medical Injury Compensation Reform Act, Cal. Civ. Code § 3333.2.

[4] While a Medi-Cal lien of approximately $30,000 was discussed at the motion hearing, plaintiffs do not finally liquidate or allocate these damages for purposes of the conditional settlement. (See Doc. 31; see also Doc. 30-1).

asserted by plaintiffs individually.

Also unclear on the record is whether KHMC's self-insurance retention is sufficient to cover the MICRA capped total recovery amount, whatever that amount may be. *See e.g., Troyer v. Liebherr Cranes, Inc.*, 2019 WL 1460629, at *3 (C.D. Cal. Feb. 11, 2019) (citing *Cahill v. San Diego Gas & Elec. Co.*, 194 Cal. App. 4th 939, 968 (2011)) (evidence of a settling defendant's financial condition or liability insurance not required where settling defendant had a liability insurance policy covering the loss at issue). This in combination with plaintiffs' refusal to provide the settlement agreement to the United States is relevant to potential collusion, a ground upon which the United States objects. (*See* Doc. 34 at 3; *see also* Doc. 29). To the extent the magistrate judge found no evidence of collusion, she observed "the United States was involved in the arms-length negotiations between Plaintiffs and KHMC and was present during mediation." (Doc. 33 at 7). But the record is clear that the United States was not present during negotiations between plaintiffs and KHMC; plaintiffs concede as much. (*See* Doc. 34 at 3; *see also* Doc.38 at 9).

In all these regards, the Court observes the United States' objection that it was denied review of the conditional settlement agreement. (*See* Doc. 34 at 2-3); *see also Mediplex of California, Inc. v. Superior Ct*., 34 Cal. App. 4th 748, 749 (1995) ("[A] nonsettling defendant has a right to review the agreement notwithstanding the settlors' protests that the confidential terms and contingencies do not affect the offset."). While the magistrate judge reviewed the settlement agreement in camera, she did not make findings of confidentiality or privilege, or make the agreement or its terms available to the United States.[5] *See e.g., J. Allen Radford Co. v. Superior Ct.*, 216 Cal. App. 3d 1418, 1423 (Ct. App. 1989) ("[W]hile the parties are free to maintain the confidentiality of their sliding scale recovery agreement, they may not claim a privilege of nondisclosure when they move to confirm the good faith of their settlement under [§] 877.6."); *see also Select Portfolio Servicing v. Valentino*, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) (finding in the context of a motion to seal portion of a motion for good faith settlement, that "[T]he non-settling co-defendants will need to view the settlement information in order to

[5] Relatedly, see Doc. 34 at 2 n.1 referring to an unidentified letter also reviewed in camera.

respond to the merits of settling defendants' forthcoming [good faith settlement] motion[.]").

At present, plaintiffs have not presented the conditional settlement in a manner sufficient to support the good faith determination they seek and inform the United States' opposition to that determination. The available record does not support the settlement amount as being within the reasonable range of KHMC's proportional share of comparative liability on the claims alleged in the complaint. *See* § 877.6; *Tech-Bilt*, 38 Cal.3d at 499-500; *see also Smarter HOA Sols. Inc.*, 2026 WL 2814765, at *3.

According to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the action. Having carefully reviewed the entire file, including the United States' objections, the Court concludes that the findings and recommendations are not supported by the record in the case.

THEREFORE, the Court DECLINES to adopt the findings and recommendations issued on July 31, 2026 (Doc. 33). Plaintiffs' motion for good-faith settlement determination (Doc. 25) is DENIED without prejudice to renewal.

IT IS SO ORDERED.

Dated: October 20, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE